## CUEVAS v. FALKNER, COMISIONADO DE INSTRUCCIÓN DE PUERTO RICO.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 29. Resuelto en noviembre 11, 1905.

LIBRE EMISIÓN DEL PENSAMIENTO.—Aunque toda persona tiene perfecto derecho para hablar y escribir la verdad y emitir opiniones sobre ella, es, sin embargo, responsable por el abuso de ese privilegio personal, del que debe usarse, como de todos los demás, en forma que no infrinja ó perjudique el derecho de otros.

FACULTADES DEL COMISIONDO DE INSTRUCCIÓN.—PROFESORES.—RESPONSABILIDADES DE LOS MISMOS.—Con arreglo á la Ley Escolar, el Comisionado de Instrucción tiene autoridad para suspender en el ejercicio de sus funciones á cualquier profesor acusado de crueldad, inmoralidad, incompetencia, ó insubordinación ó negligencia en el cumplimiento de sus deberes, y destituirlo después de una investigación en que el profesor puede ser oído en su propia defensa.

ID.—INSUBORDINACIÓN.—DESTITUCIÓN.—Los profesores están obligados á trabajar en armonía con el Departamento de Instrucción, al que deben dirigirse en los casos en que alguna resolución del mismo no les satisfaga, y la publicación de artículos en la prensa, por algún profesor, atacando violentamente al Comisionado por sus actos oficiales, constituye un caso de insubordinación, que justifica la destitución del profesor, y la cancelación de su certificado.

ID.—CERTIFICADO DE LOS PROFESORES.—El certificado de un profesor graduado es simplemente una prueba de su capacidad para el desempeño de una escuela de segundo grado, mas no un título que le haga acreedor al desempeño de un puesto con el carácter de propietario del mismo.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Sarmiento.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

El demandante en este pleito, que también es el apelan-

te, era un maestro de escuela con un certificado de segundo grado, el que daba fé de que reunía las cualidades necesarias para enseñar en las escuelas públicas de Puerto Rico. El demandado, que es el apelado, es el comisionado de instrucción para esta isla, y como tal, por su puesto, es jefe de departamento y miembro del Concejo Ejecutivo.

Al señor Cuevas le fué concedido un certificado de maestro graduado el primer día de julio de 1904. Poco tiempo después se marchó al continente en una excursión con otros maestros, en un trasporte del gobierno y asistió á una escuela de verano en la Universidad de Harvard, cerca de Boston. Al regresar dicho maestro tuvo á bien publicar una serie de media docena de artículos en el "Heraldo Español," criticando al señor Lindsay, quien en esa época era Comisionado de Instrucción, quejándose de la manera en que se había llevado á cabo el viaje, de la comida que se les daba á los maestros en Boston, é incidentalmente de la pimienta que se hechaba en la sopa. Su último ataque fué dirigido al señor Lindsay, y firmado, como los demás, con su nombre entero y título, ó sea, "Javier Cuevas Zequeira, Profesor Graduado".La mayor parte de dichos artículos están escritos en un estilo inocente aunque pomposo, pero el último es un ataque directo á su principal, el jefe del Departamento de Instrucción, y á la letra dice así:

"A Mr. Lindsay: Soy la nota discordante entre el concierto de alabanzas dirigidas á vos. Mejor. Mientras los más elevan hasta vos nubes de incienso, yo hago descender hasta vos la verdad; mientras todos os envuelven en una atmósfera de lisonjas, yo os rodeo de algo férreo, algo que oprime, que amarga, que mata á los déspotas, que derrumba á los ídolos, la verdad en pedestal inaccesible: la justicia. Vos sois un fracasado. Vos llevásteis los siervos á ver la libertad. Vos hicísteis gastar á los pobres el pan de sus familias; los pobres no hacen viajes de recreo. Vos hicísteis embrollar los mezquinos sueldos de los profesores para una excursión, de la que

traen el dejo amargo de haber conocido la justicia, por la que eternamente suspiramos en nuestra tierra. Vos habeis gastado vuestras energías en un viaje, en vez de emplear vuestros esfuerzos en garantir los derechos de nosotros, sometidos al capricho de un Inspector más ó menos apasionado. Vos, sin hacer esa marcha, sacrificando al magisterio, pudísteis dejar recuerdo eterno y cariñoso en nuestros corazones, con una frase, pues que sois soberano en vuestro departamento; con estas palabras, que no hubieran sido más que la recompensa á nuestros esfuerzos: "Ya que no sois hombres con libertad, yo os hago maestros libres." Eso os hubiera hecho grande, pero no lo hicísteis porque sois pequeño, porque no amais la justicia, porque habeis faltado á la ley."

Después de la publicación de estos artículos, y durante la ausencia del Comisionado de Instrucción de la isla, el señor E. W. Lord, Comisionado auxiliar, suspendió al señor Cuevas de su cargo como maestro, y después fué notificado para que hiciese su defensa, y no siendo satisfactoria ésta, su certificado de maestro de segundo grado fué revocado, bajo la autoridad de las leyes escolares de Puerto Rico.

Entre tanto había sido elegido por la Junta escolar local de Río Grande, maestro de escuela rural, y hubo que cancelar esta elección cuando perdió su certificado.

El presenta esta demanda contra el señor Falkner como Comisionado de Instrucción, pretendiendo obtener una sentencia de la Corte anulando la resolución que revoca su certificado, y para cobrar su sueldo como maestro, y demás daños y perjuicios ocasinándole al ser privado de su cargo.

A pesar de constituir el caso materia nueva, fué cuidadosamente considerado por la Corte de Distrito, se celebró el juicio, se presentaron pruebas, se pronunciaron informes orales, se citaron autoridades, se examinaron los puntos de derechos, y en fin, se dictó sentencia contra el demandante, que no obtuviera nada mediante su demanda y que pagara todas las costas originadas en la misma.

El apelante interpone este recurso de apelación para ante esta Corte, fundándose en que ni el señor Lord, Comisionado auxiliar, tuvo autoridad para suspenderlo, ni el señor Falkner, el Comisionado de Instrucción, para revocar su certificado, alegando que como ciudadano de Puerto Rico tiene un derecho constitucional, de acuerdo con la primera enmienda á la constitución de los Estados Unidos, para publicar en los periódicos lo que le parezca aunque le agrade ó no al jefe de su departamento. El abogado defensor en su argumento dice que no alega que la Constitución de los Estados Unidos está en vigor en Puerto Rico, pero sí que aquí existe el derecho constitucional del libre uso de la palabra y de la prensa, con ó sin la Constitución.

Aunque toda persona tenga el derecho de decir, escribir y publicar la verdad, y su parecer con respecto á la misma, se le hace responsable por el abuso del privilegio, y lo mismo que todos los demás privilegios personales debe hacer uso del mismo de tal modo que no infrinja los derechos de otras personas. Es difícil encontrar aplicación alguna que de esta enmienda á la Constitución ó del principio del libre uso de la palabra ó de la prensa, pudiera hacerse al presente caso.

Parece que el demandante ha entablado esta demanda bajo la equivocada creencia de que su certificado como maestro graduado le confiere un cargo con sueldo que era propiedad, según la ley, y del cual no podía ser privado por una resolución como la dictada en el presente caso. Esto debe considerarse como una idea enteramente errónea. Su certificado hizo constar que reunía las cualidades necesarias para ejercer como maestro graduado y en virtud de dicho certificado podía ser elegido como maestro en las escuelas públicas de Puerto Rico, sujeto á las leyes escolares de la isla, y los reglamentos del Departamento de Instrucción, hechos de acuerdo con las mis-

mas. El permitir á un maestro de escuela acudir á los periódicos, injuriar á sus superiores, ó ponerlos en ridículo ante el público, y acusarlos de haber violado la ley, bajo el pretexto del libre uso de la palabra y de la prensa, sería destruir toda disciplina y arruinar la organización del Departamento de Instrucción. Ningún departamento del Gobierno podría administrarse con arreglo á tales principios. La disciplina es necesaria en las organizaciones civiles lo mismo que en las militares. En el presente caso el Comisionado de Instrucción y su auxiliar han procedido con estricta conformidad á la ley. La sección 42 en la página 20 del folleto inglés, y la página 22 del español dice lo siguiente:

"El Comisionado de Instrucción ó la Junta Escolar suspenderá en sus cargos á los maestros por crueldad, inmoralidad, incompetencia, insubordinación ó negligencia en el desempeño de sus funciones, y podrá reponerlos ó destituirlos, cancelando sus certificados, después de una investigación que se practicará y en la cual la Junta Escolar podrá presentar una declaración, y dichos maestros serán oídos en su propia defensa, bien de palabra ó por escrito. *Disponiéndose* que ninguna suspensión hecha por una Junta Escolar será válida por más de cinco días, y los maestros así suspendidos no volverán á serlo por la misma causa, por dicha Junta, durante el año escolar en que tuvo lugar la primera suspensión."

Esta sección de la ley autoriza al Comisionado de Instrucción para suspender cualquier maestro por crueldad, inmoralidad, incompetencia, insubordinación ó negligencia en el desempeño de sus funciones, y destituirlos después de una investigación, en cuya investigación dicho maestro será oído en su propia defensa, bien de palabra ó por escrito. El señor Falkner y el señor Lord, en el presente caso, cumplieron fielmente con esta sección de la ley al suspender y destituir al demandante.

El artículo 5 de los reglamentos é instrucciones, en las páginas 53 y 54 del inglés y la página 57 del español, dice lo siguiente:

"La responsabilidad para conservar el buen nombre de las escuelas, descansa sobre los principales y demás maestros de Puerto Rico. Se supone que ellos están al corriente y conocen con perfección las Leyes Escolares, estando familiarizados tanto cuanto sea posible con todos los informes del Departamento de Instrucción para que puedan comprender todos sus planes, deseos y fines que en el trabajo educativo en general persigue dicho Departamento. Se espera de ellos que trabajen en completa harmonía dándole toda su confianza y teniéndole como á su mejor amigo y coadyuvador en todos aquellos asuntos que tiendan al feliz éxito de su tarea escolar.

El maestro que no tenga confianza en el Departamento, ni en las intenciones y propósitos de éste, debe desde luego renunciar y separarse por completo del Magisterio. Deberá en todos los casos dirigirse al Departamento de Instrucción y no escribir artículos en la prensa ó entablar discusiones ó murmurar con sus vecinos respecto de aquellos asuntos que conciernen exclusivamente á él y al Departamento de Instrucción. Se espera del Magisterio, el que todos, y cada uno en particular, tomen la iniciativa en todo aquello que tienda al beneficio y adelanto de sus escuelas, lo cual en nada se contraría, ni con las Leyes Escolares, ni con la política general del Departamento. Y, al hacerlo así, todos los maestros serán sostenidos por el Departamento.

Algunos de los deberes generales que conciernen á los maestros y principales, pueden numerarse del modo siguiente:

(10) Los maestros seguirán siempre las instrucciones del Comisionado de Instrucción ó de sus representantes.

(11) Los maestros tendrán la obligación de estudiar las Leyes escolares, y especialmente, las partes de ellas que se refieran á ellos mismos."

Se verá que el maestro está obligado por estos reglamentos á trabajar en armonía con el Departamento de Instrucción, y dar á éste su entera confianza, y el maestro que no tenga confianza en el departamento se le encarga separarse por completo del Magisterio. También se le aconseja y obliga, en caso de no encontrarse satisfecho, á dirigirse al departamento, y á no escribir artículos en la prensa, ó entablar discusiones ó murmurar con sus vecinos respecto de aquellos asuntos que conciernen

exclusivamente á sus relaciones con el Departamento de Instrucción.

Este último curso es precisamente el seguido en la conducta que fué el motivo de su destitución, y por supuesto, siendo una infracción de los reglamentos, esto era un caso claro de insubordinación, por lo que fué propia y justamente suspendido, y después de una investigación fué destituído, y cancelado su certificado por las autoridades competentes para ello.

¿Como puede esperar el demandante que la Corte de Distrito, ó esta Corte, revoque la resolución del departamento de Instrucción, ó que requiera al Gobierno que se le pague su sueldo y le indemnice por su destitución? Nosotros no tenemos conocimiento de ninguna ley que pudiera autorizar semejante sentencia. Casi no se podría presentar un caso de insubordinación más claro que el que expone á la Corte el mismo demandante en estos autos, y cualquier otro procedimiento que el seguido por el comisionado Falkner en el presente caso, hubiera sido destructivo de la disciplina, y una falta á su deber por parte de él.

Como el demandante no tiene causa de acción, y nunca la ha tenido, ni contra el Comisionado, ni contra el Gobierno, la sentencia de la Corte de Distrito debe confirmarse en todas sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Figueras y Wolf.